UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 03-437(DSD/JSM)
Civil No. 07-1285(DSD)

United States of America,

        Plaintiff,

v.                                               **ORDER**

Denise Marie Henderson,

        Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

On March 17, 2004, a United States grand jury returned a superseding indictment against defendant Denise Marie Henderson on nine counts of Social Security Disability Insurance fraud. Counts one through five alleged that defendant committed wire fraud in violation of 18 U.S.C. § 1343. Count six alleged that defendant concealed her physical capabilities from the Social Security Administration (SSA) in violation of 42 U.S.C. § 408(a)(4). Counts seven through nine alleged that defendant made false statements to the SSA in violation of 42 U.S.C. § 408(a)(3). On August 9, 2004, a jury found defendant guilty on all nine counts and found that the

actual loss amount was $193,509.00, which was the amount of benefits defendant knowingly received from the SSA as a result of her fraudulent conduct.

Earl Gray represented defendant during trial. During Gray's opening statement he told the jury that a number of witnesses would be called in support of defendant. However, Gray ultimately chose not to call several witnesses, including Drs. Thomas H. McPartlin and Phillip B. Haber. (Gray May 2, 2007, Aff. ¶¶ 4-5.) McPartlin, a licensed neurologist, first examined defendant in 2001 and concluded that her varied symptoms were not medically supported. (McPartlin Decl. ¶¶ 6-8.) However, in 2004 McPartlin concluded that defendant suffered migraine headaches after he continued to track defendant's ongoing symptoms. (Id. ¶¶ 9-11.) Haber, a licensed psychologist who specializes in rehabilitation, conducted a vocational and psychological evaluation of defendant in the fall of 2000 in conjunction with her application for Social Security benefits. (Haber Decl. ¶¶ 9-12.) If called to testify during defendant's trial, McPartlin and Haber would have testified regarding defendant's medical condition and ability to participate in recreational activities. (Haber Decl. ¶¶ 15-22; McPartlin Decl. ¶¶ 12-14, 16.) According to Gray, he decided not to call McPartlin because prior to McPartlin changing his opinion about defendant's medical condition McPartlin testified against defendant in a civil lawsuit. (Gray Aff. ¶ 4.) Gray did not call Haber because Haber

had reviewed McPartlin's prior adverse opinion in the civil action, making him vulnerable during cross-examination. (Id. ¶ 5.)

After the government rested, over the course of five days Gray called defendant to testify on her own behalf, as well as Drs. John Benassi, Steve Noran and Dennis Dykstra and seven additional witnesses. Following closing arguments, Gray left town and instructed his associate, Paul Applebaum, to take the verdict and informed Applebaum of the relevant issues in defendant's case. (Id. ¶ 6.) Applebaum was present in court with defendant for the reading of the verdict. Following her conviction, a presentence investigation interview was scheduled, and Gray walked defendant to the probation office for the interview. Gray instructed defendant to be truthful during the interview, but he did not remain for the interview itself. (Denise Henderson Decl. ¶ 11; Gray Aff. ¶ 7.) Gray ceased representing defendant prior to sentencing.

Defendant retained Howard Bass to represent her for sentencing. (Denise Henderson Decl. ¶¶ 16-18.) Upon being retained, Bass promptly moved for an enlargement of time to review defendant's case. (Bass Decl. ¶¶ 8-12.) He specifically requested that objections to the presentence investigation report be due three weeks after completion of a trial transcript. The court granted Bass's motion in part but denied his request to await a transcript of the complete trial. Although Bass did not have access to an entire transcript, he did have partial transcripts to

3

review in preparation for sentencing. Bass filed objections to the presentence investigation report on October 4, 2004. On October 26, the court granted Bass an additional extension of time to file supplemental objections to the presentence investigation report, which he filed on November 10, 2004. (Bass Decl. ¶¶ 7-11.) Bass also moved for an evidentiary hearing and filed a fifty-page position pleading discussing in part the pending Supreme Court cases regarding the constitutionality of the Sentencing Guidelines, United States v. Booker, 543 U.S. 220 (2005), and United States v. Fanfan, 542 U.S. 963 (2005).

On December 10, 2004, the court sentenced defendant to 46 months imprisonment and entered a restitution order of $193,509.00. In sentencing defendant, the court calculated an imprisonment range of 46 to 57 months under the Sentencing Guidelines as a result of the court's determination that she was not entitled to a reduction for acceptance of responsibility, that a fourteen-level enhancement applied based on the actual loss amount found by the jury and that a two-level enhancement applied for obstruction of justice. The court based its obstruction enhancement on defendant's testimony during trial. (See Sentencing Tr. at 46-47.) The court explicitly acknowledged the uncertainty of whether the Sentencing Guidelines were mandatory because of the pendency of Booker. (See Sentencing

Tr. at 41-42.)  In light of that uncertainty, the court contemplated both potential outcomes and imposed alternate justifications for defendant's sentence.

On December 10, 2004, defendant filed a notice of appeal. Defendant retained Stephen Silton to represent her on appeal. The Supreme Court decided <u>Booker</u> in January 2005, excising 18 U.S.C. §§ 3553(b)(1) and 3740(e) from the Sentencing Reform Act and rendering the Sentencing Guidelines effectively advisory. On appeal, Silton did not raise arguments based on the <u>Booker</u> holding as the main grounds for appeal because he believed other grounds for appeal were stronger. (Silton Decl. of May 31, 2007, ¶¶ 10-11.) However, Silton did directly argue based on the <u>Booker</u> holding that the court erred in enhancing defendant's sentence for obstruction of justice based on facts not found by the jury. On August 1, 2005, the United States Court of Appeals for the Eighth Circuit affirmed defendant's conviction and sentence. <u>United States v. Henderson</u>, 416 F.3d 686, 694-95 (8th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1343 (2006). In affirming defendant's sentence, the Eighth Circuit quoted the court's explanation that it was imposing alternate sentences and held that any sentencing error "was harmless beyond a reasonable doubt." <u>Id.</u> at 695.

On February 20, 2007, defendant timely moved to vacate, set aside or correct her conviction and sentence pursuant to 28 U.S.C. § 2255 on the basis that Gray, Bass and Silton provided ineffective

5

assistance of counsel in violation of the Fifth and Sixth Amendment.[1]  As to Gray, defendant bases her claim on his decision not to call McPartlin and Haber and his absence during the verdict reading and the presentence investigation interview.  As to Bass, defendant alleges that he failed to adequately prepare for sentencing because he did not obtain a complete trial transcript and he failed to continue sentencing to await the outcome of <u>Booker</u>.  As to Silton, defendant alleges that he failed to adequately raise the nuances and impact of the <u>Booker</u> decision on appeal.  Defendant further asserts that if her allegations against Gray, Bass and Silton do not individually satisfy the standard for ineffective assistance of counsel, the attorneys' cumulative ineffectiveness does.

**DISCUSSION**

**I.   Evidentiary Hearing**

Defendant requests an evidentiary hearing on her claims.  However, an evidentiary hearing is not necessary on a § 2255 motion if the "motion, files and records of the case conclusively show that [the defendant] is entitled to no relief."  18 U.S.C. § 2255.

---

[1] Defendant summarily asserts Fifth Amendment violations as a result of each attorney's representation.  (<u>See</u> § 2255 Mot. at 11-20.)  However, defendant only identifies an alleged Fifth Amendment violation with specificity as it relates to Gray's absence from the presentence investigation interview.  Accordingly, the court addresses defendant's Fifth Amendment challenge only as it relates to that issue.

In other words, a § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle her to relief or "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Upon a review of the file, record and proceedings herein, and the parties' submissions, for purposes of this order the court accepts all defendant's allegations as true and concludes an evidentiary hearing is not warranted.

**II.  Section 2255 Motion**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). However, collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). The court addresses each of defendant's claims in turn.

**A.    Fifth Amendment Right to Counsel**

Defendant claims that Gray's absence during the presentence investigation interview violated her Fifth Amendment right to counsel to prevent compelled self-incrimination.[2]  However, the "Fifth Amendment privilege against compelled self-incrimination is not self-executing" and when the government does not have a "substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion."  Roberts v. United States, 445 U.S. 552, 559 (1980).  A defendant who alleges a deprivation of a Fifth Amendment right to counsel for the first time in a § 2255 motion does not raise the issue in a timely fashion and the issue is "considered waived."  Island v. United States, 946 F.2d 1335, 1339 (8th Cir. 1991); see also United States v. Washington, 11 F.3d 1510, 1517 (10th Cir. 1993) (no Fifth Amendment violation when defendant chose to cooperate during presentence interview and did not invoke privilege against self-incrimination when no evidence interview was coercive or improper).  In this case, defendant did not request her attorney's presence or invoke any Fifth Amendment right during the presentence investigation interview or raise an alleged Fifth Amendment violation prior to or during her sentencing.  Therefore, she has

---

[2] Defendant has not identified any specific statement that she was compelled to make during the presentence interview that incriminated her or resulted in increased punishment.

8

waived any such right and the court will not vacate, modify or correct her sentence based on this ground.

**B.    Sixth Amendment Right to Effective Assistance of Counsel**

Defendant's claim that she received ineffective assistance of counsel is properly raised in a § 2255 motion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). To establish a claim of ineffective assistance, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See Link v. Al Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006); Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005).

First, a defendant must show that counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 678. To comport with the Sixth Amendment, representation must satisfy an "objective standard of reasonableness under prevailing professional norms." Id. at 687-88. The court reviews counsel's performance with significant deference allowing a "strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct." Id. at 689. The court will not "second-guess trial strategy or rely on the benefit of hindsight." Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). When reviewing counsel's performance, the court does not ask whether counsel's decisions were "correct or wise," but only whether counsel's

decisions were unreasonable. United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996). Second, a defendant must establish prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Defendant carries the burden of proof to establish that she likely would have prevailed on the issues had they been properly presented. Anderson, 393 F.3d at 753-54.

### 1.  Trial Counsel

Defendant first argues that trial counsel was ineffective because he did not call McPartlin and Haber to testify. When examining an attorney's decision not to call a witness, the court judges counsel's perspective from the time the decision was made. Parker v. Bowersox, 94 F.3d 458, 461-62 (8th Cir. 1996) (no prejudice for failure to call witness because no reasonable likelihood that outcome would have differed); see also Whitmore v. Lockhart, 8 F.3d 614, 619 (8th Cir. 1993) (decision not to present mental examination at penalty phase based on tactical reason within wide range of practical choices and not to be second-guessed). Gray's decision not to call McPartlin and Haber was a strategic decision that was within the "wide range of professional conduct." Williams, 452 U.S. at 1013; Flynn, 87 F.3d at 1001. As a matter of trial strategy, it was reasonable for Gray not to call witnesses whose credibility could have been attacked and who may have opened

10

the door to potentially harmful cross-examination testimony. Furthermore, in light of the strength of the government's evidence, defendant is unable to establish prejudice because there is no "reasonable likelihood" that the trial's outcome would have been different had McPartlin and Haber testified. Because counsel's decision not to call McPartlin and Haber was neither objectively unreasonable nor prejudicial, her ineffective assistance claim based on that decision fails.

Defendant next argues that trial counsel was ineffective because he was not present for the reading of the verdict. However, it was not objectively unreasonable for trial counsel to have an associate present for the verdict. Further, defendant cannot show that the outcome of the trial would have been different had Gray been present. Therefore, this claim fails.

Lastly, defendant argues that Gray violated her Sixth Amendment right to counsel by failing to attend the entire presentence investigation interview. However, "no court has found the Sixth Amendment right applies to routine presentence interviews." United States v. Archambault, 344 F.3d 732, n.4 (8th Cir. 2003); see also United States v. Tyler, 281 F.3d 84, 96-97 (3d Cir. 2002) (no Sixth Amendment violation when defendant voluntarily participated in presentence investigation and counsel was not excluded); United States v. Benlian, 63 F.3d 824, 827-28 (9th Cir. 1995)(rejecting Sixth Amendment right to counsel during presentence

11

interview because interview is not "critical stage" of the prosecution); <u>United States v. Gordon</u>, 4 F.3d 1567, 1571-72 (10th Cir. 1993) (same).  Rather, in accordance with Federal Rule of Criminal Procedure 32(c)(2), a "probation officer who interviews a defendant as part of a presentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview."  Absent a Sixth Amendment right to counsel during a presentence interview, Gray's absence during the interview did not deprive defendant of any Sixth Amendment guarantee.

For all these reasons, the court will not vacate, modify or correct defendant's sentence based on the representation she received from Earl Gray.

**2. Sentencing Counsel**

Defendant first argues that Bass was ineffective because he did not review the complete trial transcript before defendant's sentencing.  However, Bass's failure to review the transcript was not indicative of his ineffectiveness but rather was a direct result of a ruling of the court.  Further, defendant has not identified a portion of the complete trial transcript that would have altered the outcome of the sentencing hearing.  Accordingly, she has not established prejudice.  Bass aggressively advocated on defendant's behalf throughout the sentencing phase, and defendant's

ineffective assistance of counsel claim based on his failure to review the entire transcript fails.

Defendant next argues that Bass was ineffective because he did not seek an adjournment of sentencing to await the Supreme Court's decisions in Booker and Fanfan. However, according to Bass, he did not request a continuance because (1) the court had already denied his request to continue to obtain a complete trial transcript, (2) the court indicated its intention to impose alternative sentences and (3) counsel believed the court might have given defendant a lengthier sentence had the Sentencing Guidelines been declared invalid before sentencing. (Bass Decl. ¶ 13). Bass's decision not to request a continuance based on Booker was not objectively unreasonable.

Moreover, Bass was fully aware of the pendency of Booker and thoroughly argued his sentencing position from both perspectives. Defendant cannot establish prejudice because a continuance would not have changed the court's sentence in light of the court expressly stating alternate justifications for the sentence imposed. Therefore, defendant's ineffective assistance of counsel claim based on Bass's failure to request a continuance also fails.

For these reasons, the court will not vacate, modify or correct defendant's sentence based on the representation she received from Howard Bass.

### 3. Appellate Counsel

Defendant argues that Silton was ineffective because he failed to raise all the "nugatory effects" of <u>Booker</u> on appeal. (Reply at 4.) To support her argument, defendant alleges that Silton was inexperienced and did not fully comprehend that the court failed to explicitly state on the record the factors listed in 18 U.S.C. § 3553(a) at sentencing. Defendant argues that even if <u>Booker</u>'s outcome would not have affected the substantive sentence, it affected the validity of the underlying procedure used by the court in imposing the sentence, including the validity of the court's alternate sentences.

Appellate counsel has a duty to focus on arguments that he perceives to be most likely to succeed and "will not be held ineffective for failure to raise every conceivable issue." <u>Link v. Al Luebbers</u>, 469 F.3d 1197, 1205 (8th Cir. 2006). "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." <u>Id.</u> There is a presumption that appellate counsel is effective, which can only be overcome if an attorney ignores issues "clearly stronger than those presented." <u>Id.</u>

In this case, Silton was aware of <u>Booker</u> and the manner in which the court fashioned its alternate sentences because he was present at the sentencing hearing, during which the court and

14

Silton directly discussed the pendency of Booker at length and potential issues for appeal. (See Sentencing Tr. at 14-17, 41-42, 53-60.) Silton directly and unsuccessfully challenged the court's sentencing enhancement for obstruction of justice based on Booker. See Henderson, 416 F.3d at 694-95. Because the court imposed alternate sentences, a challenge to the procedure the court used in sentencing defendant in light of the Booker holding was not clearly stronger than other potential grounds for appeal. Silton's choice not to raise the issue falls within the "wide range of reasonable professional conduct." Strickland, 466 U.S. at 689; Link, 469 F.3d at 1205. It was not objectively unreasonable for Silton to focus on the substantive issues relating to the obstruction of justice enhancement that resulted from Booker. Further, even if appellate counsel had challenged the court's sentencing procedure on appeal, there is no "reasonable likelihood" that the result would have been different because the court stated its intention to impose the same sentence regardless of Booker's outcome. The Eighth Circuit held any error under Booker was harmless beyond a reasonable doubt. For these reasons, the court will not vacate, modify or correct defendant's sentence based on the representation she received on appeal from Stephen Silton.

### 4.  Cumulative Ineffectiveness

Lastly, defendant argues that if the three attorneys do not independently satisfy the Strickland standard for ineffective

15

assistance of counsel, their cumulative ineffectiveness does.  The court rejects this argument.  When a defendant presents several claims of ineffective assistance of counsel, each claim "must stand or fall on its own."  Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990); see also Girtman v. A.L. Lockhart, 942 F.2d 468, 475 (8th Cir. 1991) (rejecting "cumulativeness" claim based on multiple perceived attorney errors).  "Cumulative error" is not an appropriate basis for habeas corpus relief.  Scott, 915 F.2d at 1191.  Further, the court has now determined that defendant received effective assistance of counsel at each stage of her trial and appeal and her Sixth Amendment rights were not violated. Therefore, defendant's Sixth Amendment claim based on cumulative ineffectiveness fails.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence [Docket No. 130] is denied.

Dated:  July 3, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court